UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JESUS DAVID RAMIREZ COTES,

                    Petitioner,                    Case No. 1:26-cv-1002

v.                                      Honorable Hala Y. Jarbou

KEVIN RAYCRAFT,

                    Respondent.
_____/

## **OPINION**

      Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated

this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

(Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.      **Procedural History**

      In Petitioner's § 2241 petition, supplement, and brief, Petitioner challenges the lawfulness

of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to

28 U.S.C. § 2241 ordering Respondent to conduct a bond hearing or, alternatively, to release

Petitioner from custody. (Pet., ECF No. 1, PageID.2; Em. Supp., ECF No. 2, PageID.56–57; Br.,

ECF No. 5, PageID.66.)[1]

---

[1] In addition to filing the § 2241 petition, Petitioner also made an emergency request that he be released or receive a prompt bond hearing. (ECF No. 1.) As set forth in this opinion, after Petitioner filed this action, he received a bond hearing, so the Court will dismiss Petitioner's § 2241 petition without prejudice. In light of this, the entry of the Court's opinion and corresponding judgment moots Petitioner's pending request for a bond hearing.

In an order entered on March 31, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondent filed his response on April 3, 2026, (ECF No. 8), and Petitioner filed his reply on April 9, 2026, (ECF No. 13).

## II.    Factual Background

Petitioner is a native and citizen of Colombia. (Notice to Appear (NTA), ECF No. 8-1, PageID.94.) Petitioner entered the United States on or about February 26, 2020, at Fort Lauderdale, Florida, "as a nonimmigrant Visitor for Pleasure with authorization to remain in the United States for a temporary period not to exceed August 25, 2020." (*Id.*)

On March 9, 2026, ICE encountered Petitioner in the United States and took him into custody. (Form I-213, ECF No. 8-4, PageID.103.) At that time, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with being removable under "Section 237(a)(1)(B) of the Immigration and Nationality Act" because Petitioner "remained in the United States for a time longer than permitted." (NTA, ECF No. 8-1, PageID.94.)

On April 9, 2026, the Detroit Immigration Court provided Petitioner with a bond hearing under 8 U.S.C. § 1226. (Status Rep., ECF No. 11, PageID.116; Order Immigration Judge, ECF No. 11-1, PageID.119.) That same day, the immigration judge issued a written decision granting Petitioner's bond request and ordering that Petitioner be released from custody under a bond of $4,000. (Order Immigration Judge, ECF No. 11-1, PageID.119.)

## III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV.    Discussion

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondent to conduct a bond hearing or, alternatively, to release Petitioner from custody. (Pet., ECF No. 1, PageID.2.) After initiating this action, Petitioner had a bond hearing in the Detroit Immigration Court, and the immigration judge issued a written decision granting Petitioner's request for bond on April 9, 2026. (Order Immigration Judge, ECF No. 11-1.) Under these circumstances, because Petitioner received a bond hearing, which is the relief that he seeks in his § 2241 petition, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.

3

## **<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated: April 21, 2026                          /s/ Hala Y. Jarbou
                                               HALA Y. JARBOU
                                               CHIEF UNITED STATES DISTRICT JUDGE